SIDON HARRIS ET AL. v. BRYSON & HARTGROVE.

Decided March 4, 1903.

1.—Practice on Appeal—Filing Briefs.

Where appellant's brief was filed in the trial court after filing the transcript on appeal and only thirteen days before the time for submission, since appellee was thereby deprived of a substantial right, the appeal should be dismissed.

2.—Same—Diligence.

Affidavit to excuse failure to file briefs in time held too indefinite and uncertain.

Appeal from the District Court of Concho. Tried below before Hon. John W. Goodwin.

Harris and others sued Bryson & Hartgrove, and appealed from a judgment for defendants.

*Sidon Harris,* for appellants.

*T. C. Wilkinson,* for appellees.

FISHER, CHIEF JUSTICE.—This is an action by appellant in trespass to try title. Judgment below was in favor of appellees. October 29, 1902, the judgment in this cause was rendered in the District Court of Concho County. Notice of appeal was given by appellants, and appeal was perfected by filing bond on November 13, 1902. The transcript was delivered to appellants on the 29th day of November, 1902, and was filed in this court on the 3d day of January, 1903.

Briefs were filed in the Court of Civil Appeals on the 24th day of February, 1903. An order was entered on the 11th day of February, 1903, setting this case for submission on February 25, 1903.

Appellees on the last mentioned date submitted to this court their written motion properly verified, requesting the court to dismiss this appeal, because the law and the rules were not complied with by appellants in filing a copy of their brief in the trial court five days before the filing of the transcript in this court, and in not giving the appellees notice of such filing. It appears that the brief was filed in the trial court February 12, 1903, which fact was not made known to the appellees or their attorneys until the 23d day of February, 1903.

Under the law this case could properly be submitted thirty days from the time that the transcript was filed in this court. There are no briefs on file for the appellees. Under the law the appellees had twenty days from the time that the briefs were filed in the trial court, or from the time that notice of that filing was given, in which to prepare their briefs and have them filed in the Court of Civil Appeals. The briefs of the appellants being filed in the trial court only thirteen days prior to the time

thát this case was called for submission, and assuming that the twenty days should commence to run from the time that the briefs were filed in the court below, the appellees, by reason of the failure of the appellants to comply with the statute, were deprived of their full time given them by law in which to prepare and file their briefs in this court.

It has been held in San Antonio & Aransas Pass Railway Co. v. Holden, 93 Texas, 212, that a strict compliance with the statute requiring the briefs to be filed in the trial court five days before the filing of the transcript in the Court of Civil Appeals will not be required, unless it appears that the failure to do this would result in depriving the appellee of some right he might have under the statute or the rules in preparing and filing his briefs in the Court of Civil Appeals. This case, with all of the statutes and rules of the Supreme Court bearing upon the subject, was reviewed and set out in the case of Hunt v. Glasscock, 3 Texas Ct. Rep., 407, and it was there held that, as the failure of the appellant to comply with the law concerning the filing of a copy of his brief in the trial court had deprived the appellee of a substantial right, the appeal would be dismissed.

There can be no question in this case but that the failure of the appellants to observe the requirements of the statute has deprived the appellees of a substantial right, and as a consequence of such failure, their appeal should be dismissed, which is accordingly done.

*Dismissed.*

### OPINION ON REHEARING.

We do not regard the statement made by the appellants in their motion for rehearing as sufficient to controvert the facts stated by appellees in their motion to dismiss. The affidavit of appellants is indefinite and uncertain as to just what time they forwarded their briefs by mail to the district clerk of Concho County. It says: "It was forwarded early in February, several days before appellants were notified that the case would be submitted." The affidavit contained this statement: "That said county seat (meaning the county seat of Concho County) is about twenty miles distant from the nearest railroad station by mail road, and two rivers intervene."

The affidavit does not state that high water interfered with the prompt delivery of the mail to Paint Rock, the county seat of Concho County; but to some extent indicates that the fact that two rivers were to be crossed might have delayed delivering the mail. The appellants do not state that there were bridges across each of the rivers, and this court is reliably informed that there were, at the time mentioned by appellants, and long before, substantial bridges across each of the rivers; and it is a fact known to one of the members of the court that there are substantial bridges over both of said streams leading from the town of Ballinger to Paint Rock, the mail route between the two places.

It does not allege any promise on the part of appellees' attorney to

waive the filing of the brief in the court below. We must, in the absence of a statement to the contrary, presume that the clerk of the District Court of Concho County performed his duty in promptly filing appellants' brief when it was received, and if he had then promptly issued notices of the filing of the brief, and the same had been promptly served upon appellees or their counsel, they would not have had twenty days from that time to the submission of the case in which to file their brief.

*Motion overruled.*

Filed April 15, 1903.

Writ of error refused.