## WESTERN UNION TELEGRAPH CO. v. WHITE.

(Court of Civil Appeals of Texas. Amarillo. Oct. 7, 1911.)

1. APPEAL AND ERROR (§ 771\*)—BRIEFS—TIME OF FILING—EXCUSES FOR DELAY.

Court of Civil Appeals Rule 39 (67 S. W. xvi) makes appellant's failure to file a brief in the appellate court, in the time prescribed, ground for dismissing the appeal on motion, unless good cause be shown why it was not done in time, and that briefs were filed at such time and under such circumstances that appellee has reasonably not suffered any material injury, and Sayles' Ann. Civ. St. 1897, art. 1417, requires appellant, not less than five days before filing the transcript in the Court of Civil Appeals, to file with the clerk of the district court a copy of his brief, notice of the filing of which shall be given to appellee, and provides that within 20 days after such notice appellee shall file copies of his brief with the clerk of the Court of Civil Appeals. On December 20, 1910, the filing of appellant's brief below was waived by a stipulation permitting him to file his brief at any time before March 5, 1911, and the time was thereafter extended to April 5, 1911, and on April 8th appellant's counsel consented to another extension of the time, but stated that he "did not want to be crowded for time or have submission delayed." Appellant's brief was not filed in the Court of Civil Appeals until September 27, 1911. On July 3, 1911, the cause had been set down for submission October 2d. Ap-

pellant had several counsel, but a nonresident attorney was given the duty of filing the brief, and in April, 1911, he was required by illness to take medical treatment at a resort, and his illness continued until September 1st during which time he was advised by his physicians that it would seriously injure his health to do any work. In May he communicated with the clerk of the Court of Civil Appeals where the case was pending, and was informed that it would probably not be reached by that court until November or December, 1911; but he learned from the newspapers of the transfer on July 31st of the case to this Court of Appeals. His name did not appear in the record of either court as of counsel. *Held*, that the facts shown did not excuse the delay in filing appellant's brief.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3105; Dec. Dig. § 771.*]

2. APPEAL AND ERROR (§ 765*)—CONSTRUCTION OF AGREEMENT.

Appellant could not construe the agreement with appellant's counsel, extending the time for filing the brief, to authorize an extension to such an unreasonable date as that on which it was filed.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 765.*]

Appeal from District Court, Potter County; J. N. Browning, Judge.

Action by Etta M. White against the Western Union Telegraph Company. From a judgment for plaintiff, defendant appeals. Appeal dismissed.

Veale Davidson & Veale and Geo. H. Fearons, for appellant. Gustavus Bowman & Jackson, for appellee.

HALL, J. This cause comes before us on a motion filed in this court by the appellee on September 23, 1911, to strike out the appellant's brief and dismiss the cause. On September 23, 1910, judgment was rendered for appellee in the trial court. October 5, 1910, appellant filed its supersedeas bond, and the record was filed in the Court of Civil Appeals at Ft. Worth December 28, 1910, and by order of the Supreme Court was filed in this court July 31, 1911. December 20, 1910, at the request of appellant's attorneys, appellee's attorneys waived the filing of appellant's brief in the lower court and agreed that appellant should file its brief at any time before March 5, 1911. Thereafter, on February 27, 1911, upon the request of appellant, the time for filing its brief was extended to April 5, 1911. On April 8, 1911, appellant's counsel again requested an extension of time to June 1, 1911, which was agreed to by appellee's counsel; but their assent was followed by the statement that they "did not want to be crowded for time or have submission delayed." There was no further communication between counsel with reference to the matter, and appellant's brief was not filed in this court until September 27, 1911, though it was admitted at the time of submission that appellant's attorneys furnished appellee's attorneys a copy of their brief September 19, 1911. July 3,

1911, the cause was set for submission October 2, 1911. Appellant's brief on file contains 42 pages and 23 assignments of error and is based upon a voluminous transcript and statement of facts.

It is clear from the foregoing statement that appellant's delay in filing its brief would require this court to grant the motion and dismiss the appeal.

Appellant, however, insists that its dereliction is excusable because, after the rendition of the judgment against it in the trial court, nonresident counsel was employed in January, 1911, to assist its local attorneys in prosecuting the appeal; that it was made the duty of the nonresident counsel to prepare and file the brief for appellant; that the extension of time to March 5, 1911, was on account of the numerous business and professional engagements of the attorney who had been employed to brief the case; that in the early part of the month of April he became physically unable to discharge any professional duties, was forced to go to Mineral Wells for treatment, and the extension of time to June 1st was made on that account; that under the negotiations between the parties he considered that appellant was authorized and entitled to file its brief in the Court of Civil Appeals at any time, provided the date of such filing would afford appellee's counsel reasonable time and opportunity for the preparation of their briefs before the submission of the cause; that the indisposition of appellant's counsel continued until about the 1st of September, 1911, during almost all of which period he was at Mineral Wells and was advised by his physician that he ought not perform any work and to do so would be a serious menace to his health; that in the month of May he communicated by telephone with the clerk of the Court of Civil Appeals at Ft. Worth with reference to the status of the cause in that court and was informed by said clerk that the cause would probably not be reached in that court until the latter part of November or December, 1911; that he learned from the daily press the fact of the transfer of this cause from the Ft. Worth Court of Appeals to this court, soon after the transfer was made, and from the communication which he had theretofore had with the clerk of the Ft. Worth Court of Appeals he assumed and believed that his name appeared among the papers of said cause as one of the attorneys for appellant, and that after the transfer of said cause notice of the setting for submission would be given him sufficiently in advance of the setting to enable him to brief the cause and furnish opposing counsel with copy of his brief; that he did not receive notice of the setting until after he had furnished opposing counsel with a copy of his brief. It further appears from

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes.

the record that appellant's local attorneys were duly notified of the setting of the cause for submission, but they did not communicate that fact to nonresident counsel because they assumed he would also be notified by the clerk.

The name of the nonresident counsel did not appear anywhere in the record as filed in this court, and he did not request the clerk of the Court of Civil Appeals of either this district or of the Second district to enter his name as an attorney of record or notify him of the setting.

Rule 39 (67 S. W. xvi) for the Courts of Civil Appeals is: "The failure of appellant or plaintiff in error to file an assignment of errors and briefs in the lower court, and in the appellate court in the time and in the manner prescribed by law and by the rules, shall be ground for dismissing the appeal or writ of error for want of prosecution, by motion made by appellee or defendant in error, as other motions under Rule 8, unless good cause is shown why it was not done in the time and manner as prescribed, and that they have been filed at such time and under such circumstances as that the appellee or defendant in error has reasonably not suffered any material injury in the defense of the case in the appellate court. In deciding said motion the court will give such direction to the case as will cause the least inconvenience or damage from such failure as far as practicable."

Article 1417, Sayles' Civil Statutes 1897, is: "Not less than five days before the time of filing of the transcript in the Court of Civil Appeals the appellant or plaintiff in error shall file with the clerk of the district court a copy of his brief, which shall be by the clerk deposited with the papers of the cause, with the date of the filing indorsed thereon, and the clerk shall forthwith give notice to the appellee or defendant in error, or his attorney of record, of the filing of such brief, and that in twenty days after such notice the appellee or defendant in error shall file a copy of his brief with the clerk of said court below, and with the clerk of the Court of Civil Appeals four copies."

[1] Under this rule and article of the statute, we think the facts shown by the appellant are insufficient to excuse the unusual delay. The serious illness of an attorney for a short time might be considered an excuse, provided there were no other counsel connected with the case, or at least such a condition would justify the appellate court in postponing the submission for a reasonable time on that account; but this record discloses the fact that appellant had, from the date of the final judgment, and even before, a multitude of counsel, any one of whom was eminently qualified to thoroughly and ably brief the cause.

[2] Neither do we think the attorney selected by appellant to prepare and file the brief was justified in construing the agreement and understanding had with appellee's counsel as a license to delay the filing of his brief to such an unreasonable date. Appellant's counsel had no right to expect a notice from the clerk of the Court of Civil Appeals at Ft. Worth merely because he had by telephone inquired as to the status of the case.

The Supreme Court, in S. A. & A. P. Ry. Co. v. Holden, 93 Tex. 211, 54 S. W. 751, said the object of the law was "to afford the appellee or defendant in error a convenient opportunity and sufficient time to prepare his brief in answer to that of his adversary." Appellee's attorneys do not consent to postpone submission, as suggested by appellant, but insist upon its being called in regular order, which they have a legal right to do, and they show to the court by affidavit and otherwise that the 11 days intervening between the date on which appellant's counsel gave them a copy of their brief and the date of submission has not been sufficient for the preparation, printing, and filing of their briefs. Harris v. Bryson, 31 Tex. Civ. App. 514, 73 S. W. 548; Hunt v. Glasscock, 27 Tex. Civ. App. 322, 65 S. W. 209; Booher v. Anderson, 35 Tex. Civ. App. 436, 80 S. W. 385; Railway v. Hall, 32 Tex. Civ. App. 476, 74 S. W. 778; Elkins v. Kempner, 66 S. W. 576; Dodd v. Presley, 81 S. W. 811; Railway Co. v. Brock, 77 S. W. 953; Nigro v. Hodges, 85 S. W. 1169; F. W. & D. C. Ry. Co. v. Moore, 106 S. W. 190; Niday v. Cochran, 48 Tex. Civ. App. 259, 106 S. W. 462; Krisch v. Richter, 125 S. W. 935; T. & P. Ry. Co. v. Martin, 132 S. W. 834; Wiseman v. Maddox, 135 S. W. 756.

Motion sustained, and appeal dismissed.