WESTERN UNION TELEGRAPH CO. v. WHITE.

(Court of Civil Appeals of Texas. Amarillo. Jan. 26, 1912.)

1. APPEAL AND ERROR (§ 11*)—PROCEEDING BY BOTH REMEDIES.

Under Sayles' Ann. Civ. St. 1897, art. 1383, giving the right to take a case to the appellate court by an appeal or writ of error, a party may at the same time proceed by both remedies up to the time that he obtains a review on the merits by one or the other remedy; provided he does so within the time limited by statute and rules, and not under such circumstances as will result in depriving the adversary of some right guaranteed him by statute or the rules.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 39–46; Dec. Dig. § 11.*]

2. APPEAL AND ERROR (§ 455*)—WRIT OF ERROR—PERFECTING PROCEEDING.

The petition and bond for writ of error being filed in the trial court, and the bond approved by the clerk thereof, both within a year from rendition of judgment, jurisdiction is thereby given the appellate court, though citation in error is not issued till after lapse of the year.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2214; Dec. Dig. § 455.*]

3. APPEAL AND ERROR (§ 407*)—WRIT OF ERROR—SERVICE OF CITATION.

Where on a Saturday, next to the last day of the year from rendition of judgment, defendant filed in the trial court its petition and bond for writ of error, and had the clerk thereof approve the bond, there was not such negligent failure to use proper diligence to procure service of citation in error as to deprive defendant of a right to a hearing on the merits under the writ, though its attorney then notified the clerk not to issue the citation till he saw him the next Monday, and discussed with him what the citation should contain, and though, after such discussion on Monday, the clerk told him that because of other official duties the citation could not be issued for several days, and it was not issued till nine days later, after which it was served with due diligence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2128–2132; Dec. Dig. § 407.*]

4. APPEAL AND ERROR (§ 805*)—ABANDONMENT.

It is not an abandonment of a writ of error proceeding that after the perfecting thereof plaintiff in error, who had also taken an appeal in the same case, resisted the dismissal of the appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3174, 3175; Dec. Dig. § 805.*]

5. APPEAL AND ERROR (§ 14*)—HEARING ON ERROR AFTER DISMISSAL OF APPEAL.

Defendant having prosecuted both an appeal and a writ of error in the same case, and plaintiff having had the appeal dismissed for failure of defendant to file briefs in time, instead of filing her briefs and having the case disposed of on the merits on her briefs and the record, without defendant being heard or allowed to file briefs, as she might under rule of court, she is deprived of no legal right, as a result of the delay, by defendant thereafter being allowed to be heard on the merits under its writ of error.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 14.*]

Error from District Court, Potter County; J. N. Browning, Judge.

Action by Mrs. Etta M. White against the Western Union Telegraph Company. Judgment for plaintiff, and defendant brings error. Plaintiff moves to dismiss. Motion denied.

See, also, 140 S. W. 125.

J. W. Veale, N. L. Lindsley, and Spoonts, Thompson & Barwise, for plaintiff in error. Gustavus & Jackson, for defendant in error.

GRAHAM, C. J. This case is before us on a motion filed herein by defendant in error to dismiss the cause from the docket

of this court; the motion being based on the following grounds:

First. "Because, at the time the petition and bond for writ of error herein were filed with the clerk of the district court on September 23, 1911, a valid appeal of this case, and of the same cause of action and matters in controversy in which the enforcement of the judgment was suspended and superseded, was pending in this court and had not been abandoned, and was not disposed of until October 3, 1911, so that the filing of said petition and bond was improper and unauthorized, and this proceeding is improperly before this court." Under which the following proposition is submitted: "A writ of error cannot be legally sued out during the pendency of a valid appeal in the same cause of action, where the judgment has been superseded."

Second. "Because this court is without jurisdiction to hear and determine this cause, for this: The judgment of the district court herein was rendered on September 24, 1910. A valid appeal was taken from said judgment upon a supersedeas bond. Said appeal was pending before this court on September 23, 1911, being cause No. 10, when the petition and bond for writ of error were filed with the district clerk. Said appeal was set down for submission in this court for October 2, 1911. On September 27, 1911, plaintiff in error filed briefs in this court in said appeal, and on October 2, 1911, filed therein a contest of the motion by defendant in error to dismiss said appeal, and appeared before this court by its counsel, Joe Barwise, Esq., of the firm of Spoonts, Thompson & Barwise, and John W. Veale, Esq., and argued and urged said appeal, and contested the motion by defendant in error to dismiss said appeal, and protested against this court sustaining said motion. Plaintiff in error, through its counsel, directed that no citation be issued on the filing of the petition and bond for a writ of error until a later date, and not before September 30, 1911, and no citation was issued until October 4, 1911, and no action taken in prosecution of the writ of error until an adverse decision of this court in said appeal. Wherefore the acts, conduct, and proceedings of plaintiff in error and its counsel in said appeal, after filing the petition and bond for writ of error herein was a waiver and abandonment of said writ of error until October 4, 1911, at which time 12 months had elapsed, and the right of plaintiff in error to appellate proceedings had elapsed and become barred and forfeited." Under which the following propositions are submitted: (1) "A writ of error must be sued out within 12 months from the date of the judgment, rather than from the date of the overruling the motion for a new trial." (2) "The filing of a petition and bond for writ of error, without bona fide intention of having citation issued thereon until a later date, did not interrupt the time provided by statute for suing out a writ of error." (3) "The right to procure a writ of error herein by plaintiff in error, after the abandonment of such right until after the lapse of 12 months, cannot thereafter be revived and reinstated to give the proceedings the effect from the date of filing." (4) "An appeal may be abandoned and a writ of error prosecuted within the proper time; but in this instance it appears conclusively that there was no abandonment of the appeal until after the expiration of 12 months within which a writ of error could be sued out."

The right to have the cause dismissed by the defendant in error on the grounds urged or under the record, considered as a whole, is vigorously assailed by plaintiff in error in its reply to said motion to dismiss.

To the end that what we say in disposing of the motion may be the more clearly understood, in the light of the record in this case, we think it advisable to make the following statement of the facts found by us to be fully borne out by the record, and on which we base the conclusions we announce herein:

Judgment was rendered in the district court of Potter county in this case, in favor of defendant in error against plaintiff in error, on September 24, 1910, and within the time allowed by law an appeal was prosecuted by filing and procuring to be approved in the trial court a proper supersedeas appeal bond, and a proper transcript and statement of facts were also filed within due time in the proper Court of Civil Appeals, and through a proper order, made by the Supreme Court, said cause was duly transferred to and filed in this court. Appellant, in that appeal, not having filed its briefs in the appellate court within proper time, and having failed, in the judgment of this court, to make a proper showing for having so failed, in response to a motion filed in this court in that cause, this court, on October 3, 1911, dismissed said appeal. 140 S. W. 125. Plaintiff in error herein appeared through counsel in that appeal, both by written reply and in person, and resisted the motion to dismiss that appeal on October 2, 1911, being the date on which the motion was submitted. On September 23, 1911, while the appeal above mentioned was still pending in this court, and after appellee therein had filed her motion to dismiss said appeal, which was then pending and undisposed of in this court, filed through an agent its petition and bond, being a supersedeas bond for writ of error, with the clerk of the district court of Potter county, and at the same time procured said clerk to approve said bond, and also at the same time notified said clerk not to issue the citation in error until its counsel could see said clerk the following Monday (September 25, 1911); the purpose of plaintiff in error's counsel in requesting said clerk not to issue citation in error until September 25, 1911, being that

he could see at that time the clerk, and discuss with him matters that should be contained in the citation in error, to the end that it would surely be regular and legal when issued. On Monday, September 25, 1911, said counsel, who resided in Ft. Worth, Tex., did see said clerk and discuss said matters with him at that time, and was informed by said clerk that because of other official duties it would not be possible to issue the process for several days; that said citation was not issued until October 4, 1911, when same was with due diligence served, and within less than 90 days after the service of the citation in error, plaintiff in error caused to be filed in this court a proper transcript and statement of facts, together with its briefs, all of which were filed in this court in this cause on December 26, 1911. The motion to dismiss this proceeding was filed in this court on January 2, 1912, by defendant in error, and plaintiff in error filed its reply thereto on January 12, 1912.

Before proceeding to a discussion of the questions presented by defendant in error, we call attention to the fact that the right of appeal is one guaranteed by our Constitution, and should never be denied, except under very reasonable and liberal rules and regulations which may become necessary, looking to the rights of litigants and the ends of substantial justice. Shelton v. Wade, 4 Tex. 147, 148, 51 Am. Dec. 722; Eppstein & Co. v. Holmes & Clain, 64 Tex. 560. That the right of appeal contemplates that the cause should be disposed of on its merits in the appellate court we think there can be no doubt, except in cases where the party be deprived of that right as a result of some reasonable, necessary, and positive provision of law or rule of court.

[1] While article 1383, Sayles' Annotated Civil Statutes, gives the right to take a case to the appellate court by "an appeal or writ of error," and not by "an appeal and writ of error," we think it is clear that the statute was not intended to compel an election of remedies in the first instance, so as to deprive the litigant of the other remedy; and we think, until the case has been passed upon on its merits by some appellate tribunal, the litigant has the right to resort to both or either of the remedies provided for that purpose, provided, of course, he does so within the time allowed by statute and the rules of court, and not under such circumstances as will result in depriving the adversary of some right also guaranteed to him by statute or the rules. As it is shown by the record in this case that the judgment sought to be revised in this proceeding has not been passed upon on its merits by any appellate tribunal, it follows from what we have said, if the writ of error proceeding was perfected within the time and as provided by law, and the defendant in error will not be deprived of any right guaranteed

to her by the statute or the rules of court, the motion to dismiss should be overruled.

[2, 3] Was the writ of error proceeding perfected within the time and as required by law? The judgment below was rendered on September 24, 1910, and the petition and bond in this proceeding were filed in the court below and the bond approved by the clerk thereof on September 23, 1911, being within the year provided by statute; and we think the filing of the petition and bond and the approval of the bond by the clerk had the effect of completely conferring jurisdiction on this court, as was held in Crunk v. Crunk, 23 Tex. 605; and while plaintiff in error might have lost its right to have the cause passed on in this court on its merits in this proceeding by a negligent failure on its part to use proper diligence to procure a service of citation in error or by a failure to file in this court, within proper time, the transcript, the statement of facts, or its briefs, we do not think requesting the clerk of the trial court not to issue citation in error for the time and under the circumstances, as was done in this case, or a failure to cause to be issued and served the citation in error for the time, as shown in this case, should work such a result.

[4] Since the same case may be in the same appellate court at the same time on both a writ of error proceeding and on an appellate proceeding, as was held in the case of Smith v. Bank, 132 S. W. 527, and was in effect held by our Supreme Court, in Insurance Company v. Clancey, 91 Tex. 467, 44 S. W. 482, it follows, we think, that the fact that plaintiff in error in this proceeding resisted the dismissal of the appellate proceeding, after the writ of error proceeding had been perfected, cannot be held to constitute an abandonment of the writ of error proceeding. We therefore hold that the writ of error proceeding was begun and perfected within proper time, and the same has not been by the plaintiff in error abandoned.

[5] Will defendant in error be deprived of any legal right guaranteed to her by the statute or by the rules of court if this motion is not sustained, and the proceeding stands for disposition in this court on its merits? She unquestionably has a right that this litigation be finally terminated at as early a date as possible, consistent with the legal and equitable rights of plaintiff in error; but if she has failed to avail herself of a right guaranteed by statute or the rules of court, which, if seasonably taken advantage of by her, would have produced a prompt and final disposition of the litigation, and her failure to make use of that statute or rule has resulted in plaintiff having a legal right it could not otherwise have exercised, she cannot now complain. Plaintiff in error in this proceeding, having failed to file its brief in the appellate proceeding within the time and as required by law and the rules

of court, two remedies were in that proceeding open to her; one was to have resorted to the rights guaranteed her under rule 42 for the government of our Courts of Civil Appeals (67 S. W. xvii), which was to have filed her briefs in that proceeding, and had that appeal disposed of on its merits on her briefs and the record, without appellant therein being heard or being permitted to file briefs; the other remedy was to have the appeal dismissed, as provided for in rule 39 for the government of our Courts of Civil Appeals (67 S. W. xvi).

Defendant in error herein elected to exercise the rights guaranteed to her under said rule 39, and this court in that proceeding awarded her her full rights under that rule. Had defendant in error in this proceeding resorted to the rights guaranteed her under said rule 42, no delay in a final disposition of this litigation could have resulted; but this she did not do. Having elected to insist upon her rights on that appeal, as conferred under said rule 39, and acquired them, the fact that that has resulted in plaintiff in error in this proceeding being able, under its legal rights, to insist upon this proceeding being heard in this court on its merits furnishes no just or legal cause for complaint on the part of the defendant in error, as was held, in effect, by our Supreme Court, in the case of Thompson v. Anderson, 82 Tex. 238, 18 S. W. 153.

For the reasons above stated, we think defendant in error will be deprived of no legal right as a result of the delay incident to this proceeding being heard and considered by this court on its merits; and it follows from what we have said that the motion of defendant in error to dismiss this proceeding should be, in all things, overruled, and it is so ordered.