### HAMILTON v. McLANE.

(Court of Civil Appeals of Texas. San Antonio. April 24, 1912.)

APPEAL AND ERROR (§ 773*) — DISMISSAL — FAILURE TO FILE BRIEFS.

Where appellee, after appellant's failure to file briefs within the time required by Court of Civil Appeals rule 39 (142 S. W. xiii), had only 11 days in which to answer appellant's brief, containing 14 assignments of error, several of which were predicated upon a statement of facts containing 77 typewritten pages, appellee was entitled to have the appeal dismissed, as it cannot be said as a matter of law that 11 days was sufficient time for appellee to brief his case.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3104, 3108–3110; Dec. Dig. § 773.*]

Appeal from District Court, Bexar County; Arthur W. Seeligson, Judge.

Action between James Hamilton and H. H McLane, in which the first named appealed On motion to dismiss the appeal. Appeal dismissed.

I. B. Henyan, of San Antonio, for appellant.

MOURSUND, J. The record was filed in this court on February 24, 1912. The case is set for submission on April 24, 1912. Appellant's briefs were filed on April 12, 1912, and a copy of such brief delivered to appellee's attorney on said date. Appellees have filed a motion to dismiss the appeal on account of appellant's failure to file briefs within the time required by rule 39 (142 S. W. xiii), alleging that it is impossible for them to brief the case in the short time allowed them. Appellants in their answer to such motion do not show any good cause why the briefs were not filed within the prescribed time. By authority of the case of S. A. & Aransas Pass Ry. Co. v. Holden, 93 Tex. 211, 54 S. W. 751, the courts have refused to dismiss appeals where the time left appellee was amply sufficient in which to answer appellant's brief. In the case of Crenshaw v. Hempel, 130 S. W. 732, the court declined to dismiss an appeal where the appellee had 12 days in which to answer a brief containing two assignments of error, both of which attacked the validity of the citation. This court has refused to dismiss where appellee had 12 days in which to an-

swer one assignment of error which related to the admission of evidence. St. Louis, Brownsville & Mexico Ry. Co. v. Wood Bros., 147 S. W. 283, not yet officially reported.

In this case appellee has 11 days in which to answer a brief containing 14 assignments of error, several of which are predicated upon a statement of facts containing 77 pages of typewritten matter. While appellate courts have been very indulgent in matters of this kind to save appellants the benefit of an appeal, we feel that appellees are entitled to have the case passed upon in its regular order, and are also entitled to ample time in which to answer the brief of appellants. Where an appellee insists upon the enforcement of the rules, and the court cannot say that it is evident ample time remains to appellee in which to answer, there is no alternative except to dismiss the appeal. On account of the many assignments of error and the nature of the questions arising, we cannot say as a matter of law that 11 days is sufficient time for appellee to brief the case. To hold such time sufficient in a case like this would, in our judgment, be setting a precedent which would entitle litigants to consider 11 days the least time to be given the appellee to brief his case, instead of 20 days, as is contemplated by law.

We therefore conclude that appellees' motion should be sustained. Krisch v. Richter, 125 S. W. 935; Texas & P. Ry. Co. v. Martin, 132 S. W. 834; Hunt v. Glasscock, 27 Tex. Civ. App. 322, 65 S. W. 209; Harris v. Bryson, 31 Tex. Civ. App. 514, 73 S. W. 548.

The appeal is dismissed for want of prosecution, and appellant is permitted to withdraw transcript.