## STATE FAIR OF TEXAS v. COWART.
### (No. 1279.)

(Court of Civil Appeals of Texas. Texarkana. March 30, 1914. Rehearing Denied April 16, 1914.)

1. APPEAL AND ERROR (§ 773*)—FILING OF BRIEFS—DISMISSAL.

Where appellant did not file his briefs in accordance with Rev. St. 1911, art. 2115, and rule 39 for the Courts of Civil Appeals (142 S. W. xiii), serving the brief on appellee only nine days before the time for submission, and appellee was unable to prepare a brief owing to the shortness of the time, appellant's appeal will be dismissed, where the only excuse was lack of time on the part of his counsel because of other business, for an appellee is not only entitled to 20 days in which to prepare his brief, but to have the case disposed of on the day set for submission.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3104, 3108–3110; Dec. Dig. § 773.*]

2. STIPULATIONS (§ 19*)—ENFORCEMENT.

Under rule 46 for Courts of Civil Appeals (142 S. W. xv), requiring all stipulations waiving any of the requirements for the preparation of an appeal to be in writing, signed by the parties or their counsel, an appellant who failed to file his briefs within the time required cannot, where there was disagreement as to its terms, take advantage of an oral stipulation waiving the rules for the filing of briefs.

[Ed. Note.—For other cases, see Stipulations, Cent. Dig. §§ 55–63; Dec. Dig. § 19.*]

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action between J. T. Cowart and the State Fair of Texas. From a judgment for the former, the latter appeals. Appeal dismissed.

J. J. Eckford, R. G. Watson, and George Wright, all of Dallas, for appellant. J. B. Warren, of Houston, for appellee.

WILLSON, C. J. We think the motion to dismiss the appeal because of the failure of appellant to comply with the law (article 2115, R. S. 1911) and the rules (rule 39 for the government of Courts of Civil Appeals [142 S. W. xiii]) with reference to the filing of briefs must be sustained.

[1] The record was filed in the Court of Civil Appeals for the Fifth District on August 19, 1913. The cause was transferred to this court by an order of that court made February 10, 1914, and the record was filed here February 14, 1914. Thereafterwards, by an order made February 19, 1914, the cause was set down for submission on March 5, 1914. It seems a copy of appellant's brief was never filed in the court below, and copies of same were not filed here, and a copy was not delivered to appellee until February 24, 1914. The brief filed by appellant, as stated, contains 93 pages of printed matter, presenting 34 assignments of error. It appears from appellee's motion that his counsel were unable to prepare and file a brief on his behalf within the nine days elapsing between the time the copy of appellant's brief was delivered to him and the time the cause was set down for submission. So it appears that if the motion should be overruled and the cause should be disposed of on the submission taken thereof, appellee will be deprived of a right the law confers on him to file a brief in reply to that filed by appellant; or, if the submission of the cause should be set aside and it should be set down for submission on another day, he will be deprived of a right the law confers on him to have the cause disposed of when reached in its order by this court. The excuse urged by appellant for not sooner filing its briefs in the appellate court is lack of time on the part of its counsel to prepare same because of other business engagements. The excuse clearly is not sufficient, and unless it should be said that appellee was in the attitude of having waived the filing of the briefs before the time they were filed, there is no doubt the appeal should be dismissed; for in the absence of such a waiver, appellee was entitled to 20 days after he was notified of the filing, in the court below, of a copy of appellant's brief, and before the submission of the cause in this court, in which to prepare and file briefs here, whereas only 9 days intervened between the time a copy of appellant's brief was delivered to him and the time the cause was set down for submission.

[2] In his motion appellee says his counsel verbally "waived the filing of briefs in the lower court, and agreed that appellant might file its briefs at any time before January 1, 1914, provided it was presented to

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

counsel for appellee 30 days before the submission day." In its reply to the motion appellant says that it was agreed between its counsel and counsel for appellee, "while discussing the statement of facts," "that the filing of briefs in the lower court would be waived. At this time, which was in July, 1913, appellant's counsel knew that it would be impossible for him to work on the briefs before December, and so stated to appellee's counsel. Appellant's counsel does not understand the agreement to be that its briefs were to be filed by January 1st, but information was then given appellee's counsel that he could not get to it before that time." Rule 46 for the government of Courts of Civil Appeals (142 S. W. xv) requires "all agreements of parties or their counsel relating either to the merits or conduct of the case in the court, or in reference to a waiver of any of the requirements prescribed by the rules, looking to the proper preparation of an appeal or writ of error for submission," to be in writing, "signed by the parties or their counsel." It will be noted that, according to appellee's contention, the verbal agreement on his part to waive the filing by appellant of a copy of its brief in the trial court as required by law was on the condition that the brief be filed in the appellate court before January 1, 1914, and that his counsel be furnished with a copy of same 30 days before the day on which the cause was set down for submission; while, according to appellant's contention, the waiver was absolute. If the agreement was as appellee states it, were it in writing and therefore enforceable by this court, it could enforce it and preserve to appellee all his rights in no other way than by striking the briefs from the files. But, as before stated, appellant says the agreement was not as appellee states it, but was a waiver without condition as to the time of filing the briefs here. In this attitude of the matter, the agreement being a verbal one, we are not called upon to determine its terms. The course we should pursue, in the face of the dispute as to what the agreement was, is to ignore it altogether and dispose of the motion as it should be disposed of in the absence of an agreement. Manowitz v. Gaenslen, 142 S. W. 963.

The conclusion reached by us that, on the facts stated, the law and the rules require that the motion should be sustained is supported by the following, among other authorities that might be cited: Krisch v. Richter, 125 S. W. 935; American Warehouse Co. v. Hamblen, 146 S. W. 1006; Tel. Co. v. White, 140 S. W. 125; Ry. Co. v. Martin, 132 S. W. 834; Hamilton v. McLane, 147 S. W. 284; Hunt v. Glasscock, 27 Tex. Civ. App. 322, 65 S. W. 209; and Dodd v. Presley, 81 S. W. 811.

The appeal is dismissed.