WESTON et al. v. PATTERSON et al.

(Court of Civil Appeals of Texas. San Antonio. April 8, 1914.)

APPEAL AND ERROR (§ 773*) — DISMISSAL — FAILURE TO FILE BRIEFS.

Where a case on appeal was set for submission on April 1st, and appellant did not file its brief until March 23d, nor deliver a copy to appellee until March 24th, appellee was not required to brief the case within the limited time, but could have the appeal dismissed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3104, 3108–3110; Dec. Dig. § 773.*]

Appeal from District Court, Real County; R. H. Burney, Judge.

Action between A. G. Weston and others and W. B. Patterson and others. Appeal by Weston and others dismissed for want of prosecution.

Jno. W. Hill and W. D. Love, both of Uvalde, for appellants.

MOURSUND, J. This case was set for submission on April 1st. Appellant filed his briefs in this court on March 23d, and delivered a copy thereof to attorneys for appellees on March 24th. Appellees have filed a motion to dismiss the appeal because of appellant's failure to comply with the rules with reference to filing briefs, alleging that they have not been given sufficient time in which to answer appellant's brief. When the appellee insists upon the enforcement of the rules, and the court cannot say that it is evident that ample time remains to appellee in which to answer, the appeal should be dis-

missed. Hamilton v. McLane, 147 S. W. 284, and cases cited.

We have examined the brief, and, after considering the same, and the facts shown by the motions, we conclude that it was not incumbent upon appellees to undertake to brief the case in the limited time left them after receipt of appellants' brief. We have been exceedingly liberal in passing upon questions of this kind, in order to prevent dismissals, but the practice appears to be growing steadily among the members of the bar of filing briefs after the time prescribed by the rules, and this court is continually called upon to pass on motions to dismiss. Too much of the time of this court is taken up in deciding questions of this kind, and in waiting on appellees to file briefs after motions to dismiss have been overruled.

The motion is granted, the appeal is dismissed for want of prosecution, and appellant is permitted to withdraw transcript.