PAGACH v. FIRST NAT. BANK OF ROSEBUD et al. (No. 5324.)

(Court of Civil Appeals of Texas. Austin. April 8, 1914.)

APPEAL AND ERROR (§ 773*)—DISMISSAL—GROUNDS.

Under Court of Civil Appeal rule 39 (142 S. W. xiii), authorizing the dismissal on motion of an appeal where appellant fails to file briefs, as prescribed by law and the rules, unless good cause be shown for the failure, where appellant failed altogether to file briefs in the trial court, as required by Rev. St. 1911, art. 2115, did not file his brief in the appellate court until two days before the day set for submission, and, having withdrawn the transcript soon after filing it, retained it over four months until the day set for submission, upon motion to dismiss, of which notice was duly given, but to which no reply was made, the appeal must be dismissed, as appellee had a right to have the case submitted on the day set, and also to a reasonable time to reply to appellant's brief, and, not having been afforded sufficient time, was entitled to submit the case without brief, ask for a postponement, or move to dismiss the appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3104, 3108–3110; Dec. Dig. § 773.*]

Appeal from District Court, Falls County; Prentice Oltorf, Special Judge.

Action between J. H. Pagach and the First National Bank of Rosebud and others. From a judgment for the bank and its coparties, the said Pagach appeals. On motion to dismiss appeal. Appeal dismissed.

Henderson, Kidd & Gillis, of Cameron, for the motion.

RICE, J. Appellee bank has filed a motion to dismiss this appeal, based on the alleged ground that appellant failed to file his brief in this court in time for it to have procured the record and filed a reply thereto. It appears from the record that the judgment in this case was rendered on the 23d of July, 1913, and the appeal was perfected on the 9th day of August next thereafter; and the transcript was filed in this court on the 5th day of November, 1913, and on the 10th of said month it was delivered to counsel for appellant, who kept the same continuously in their possession at Marlin until the 18th of March, 1914, the day upon which the case was set for submission by order of this court. No briefs were filed by appellant in the lower court, as required by article 2115 of the Revised Civil Statutes, and none were filed in this court until the 16th day of March, 1914, on which day this motion to dismiss was filed by appellee bank. In their verified affidavit in support of this motion, it appears that counsel for appellee on three several occasions called on the clerk of this court to ascertain whether or not appellant had filed his brief, and for the purpose of obtaining the record, and on each of said occasions were notified by the clerk that no brief had been filed, and that the record had not been returned. On the 13th of March, appellant sent a copy of his brief to counsel for appellees, who received the same late on the afternoon of said day; whereupon they applied by phone to the clerk of this court to ascertain whether or not the record had been returned, for the purpose of preparing their brief, but were informed that counsel for appellant had not returned the same to this court.

Appellees were entitled to have the case submitted upon the day set, and likewise to a reasonable time within which to reply to appellant's brief, and these are substantial rights. See R. S. art. 2115; rule 39 (142 S. W. xiii); Krisch v. Richter, 125 S. W. 935; Longbotham v. Abercrombie, 52 Tex. Civ. App. 426, 114 S. W. 428; Harris et al. v. Bryson & Hartgrove, 31 Tex. Civ. App. 514, 73 S. W. 548; Elkins v. Kempner, 66 S. W. 576; Niday v. Cochran, 48 Tex. Civ. App. 259, 106 S. W. 462.

Under the circumstances disclosed by this record, we do not think that sufficient time was afforded appellee to file its brief. It was therefore compelled either to permit the case to be submitted without a brief on its part, or ask for a postponement for the purpose of replying, or resort to a motion to dismiss the appeal, which latter course it has seen proper to pursue. Appellant's counsel, though served with notice of this motion to dismiss, have failed to reply thereto; and, in the absence of any excuse or explanation showing why they failed to file their brief in time for appellee to have replied thereto, in accordance with the statute and rules of this court, it becomes our duty, we think, to grant the motion to dismiss the appeal, which is accordingly done, and the appeal dismissed.

Appeal dismissed.