TEXAS & P. RY. CO. v. CAVE et al.
(No. 8033.)

(Court of Civil Appeals of Texas. Ft. Worth.
Dec. 12, 1914. Rehearing Denied
Feb. 20, 1915.)

1. APPEAL AND ERROR &wkey;765—BRIEFS—CONSIDERATION.

Under Rev. St. 1911, art. 2115, and rule 29 for the Courts of Civil Appeals (142 S. W. xii), which require an appellant to file in the court below not less than five days before the time for filing the transcript in the Court of Civil Appeals a copy of his brief, the Court of Civil Appeals is not justified, unless good cause be shown, in considering the brief of an appellant, where not filed in the court below, unless the filing thereof has been waived, and the stipulation of waiver filed in the Court of Civil Appeals.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3100; Dec. Dig. &wkey;765.]

2. APPEAL AND ERROR &wkey;715—STIPULATIONS —AFFIDAVITS.

A stipulation to waive the filing of briefs cannot be established by affidavits; hence the Court of Civil Appeals cannot consider affidavits pro and con on that question.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2964, 2965, 3273; Dec. Dig. &wkey;715.]

3. APPEAL AND ERROR &wkey;772—BRIEFS—FILING.

Where plaintiff in error did not file its brief in the court below as required by law, although it served a copy of the brief on defendant, its motion in the Court of Civil Appeals, made the day before submission, to then file its brief, should be denied; for defendant in error, not having waived the right to demand the filing of briefs, might not then have been prepared.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. &wkey;772.]

Conner, C. J., dissenting.

Error from Jones County Court; Joe C. Randel, Judge.

Action by D. C. Cave against the Texas & Pacific Railway Company and others. There was a judgment for plaintiff, and the named defendant brings error. Dismissed.

Earl Conner, of Eastland, for plaintiff in error. Chastain & Allison, of Hamlin, Brooks & Brooks, of Anson, Yonge & Yonge, of Snyder, and H. G. McConnell, of Haskell, for defendants in error.

BUCK, J. On March 26, 1913, defendant in error D. C. Cave instituted this suit in the county court of Jones county against the Roscoe, Snyder & Pacific Railway Company and the receivers of the Kansas City, Mexico & Orient Railway Company of Texas, and against plaintiff in error, the Texas & Pacific Railway Company. From a judgment for plaintiff against the Kansas City, Mexico & Orient Railway Company and the plaintiff in error, and in favor of the Roscoe, Snyder & Pacific Railway Company, the plaintiff in error prosecutes this writ of error.

[1, 2] Defendant in error has filed a motion to dismiss the appeal based upon the allegation that plaintiff in error has failed to file a brief in this cause in the county court of Jones county, as required by article 1417, Revised Statutes 1895, article 2115, Revised Statutes 1911, and rule 29' (142 S. W. xii) adopted by the Supreme Court for the government of the Courts of Civil Appeals, and the further allegation that no notice of the filing of briefs in this cause in the court below has ever been served on the defendant in. error, or his counsel of record, as required by said article and said rule, further alleging that defendant in error herein has never waived notice of such filing of the briefs, nor any other provisions of said article.

Counsel for plaintiff in error admits that no brief was filed in the court below, as required by said article, but states that the failure so to do was because counsel for defendant in error had agreed in writing to waive said provisions, and that said legal waiver had been lost, and that subsequently to the notification of such loss by counsel for plaintiff in error to counsel for defendant in error said counsel for defendant in error refused to execute another waiver. Counsel for defendant in error deny any such agreement or waiver, either oral or in writing, and upon the issue thus joined there have been submitted to us affidavits pro and con, which we are not at liberty to consider or weigh. Before this court would be justified in considering the brief of plaintiff in error which he seeks to have filed in this court, it would have to appear either that the terms of said article had been complied with, or that the counsel for the opposite side had waived such compliance, and that such waiver was in writing and filed in this court.

[3] The record discloses that judgment was obtained by defendant in error in the court below on November 12, 1913; that the amended motion for new trial of plaintiff in error was overruled on November 29, 1913, the court allowing 60 days after adjournment of the current term of court in which to file statement of facts and bills of exceptions. On January 28, 1914, the court granted a further extension of ten days to the plaintiff in error in which to file statement of facts and bills of exceptions. On December 16, 1913, plaintiff in error filed its supersedeas bond, and on March 28, 1914, its petition for writ of error. Citation in error was issued on said last-named date, and return made thereupon by the sheriff showing that he had executed said process by delivering to defendant in error in person said writ on April 14, 1914; service and waiver shown as to other parties to this suit not here necessary to mention. Supersedeas writ of error bond was filed by plaintiff in error in the trial court on March 28, 1914. This cause was set for submission in this court October 24, 1914, and the motion of plaintiff in error to file briefs was set for hearing on October 23d. Thus it will be seen that only one day intervened between the

hearing on the motion to file briefs and the submission of the cause. We think that, under the circumstances, motion of plaintiff in error to file briefs comes too late, and that the motion of defendant in error to dismiss the appeal should be sustained.

Appeal dismissed.

CONNER, C. J., dissents. See 173 S. W. 1201.

### On Motion for Rehearing.

BUCK, J. Plaintiff in error files a motion for rehearing, manifesting more fervor than grace, and seizes upon a statement in the majority opinion, to wit:

"Before this court would be justified in considering the brief of plaintiff in error which it seeks to have filed in this court, it would have to appear either that the terms of said article [article 2115, Rev. Civ. Stat. 1911] had been complied with, or that the counsel for the opposite side had waived such compliance, and that such waiver was in writing and filed in this court"

—to read the majority of this court a lecture in logic. In the connection in which said statement was used, it was thought by the majority of the court that it clearly conveyed the meaning intended, but, since it appears that we were not correctly understood, we will say, further, that in the absence of a compliance with the article mentioned, or a written waiver signed by the counsel for the defendant in error Cave, filed in this court, we would not be justified in considering the brief sought to be filed by plaintiff in error, unless good cause was shown why the brief had not been filed in the lower court, and unless it further appeared that, by the granting of plaintiff in error's motion to file briefs in this court, defendant in error would not suffer material injury in the defense of his case in this court. From the record we are not prepared to say that by the granting of plaintiff in error's motion to file briefs one day before the submission of the cause would not work a material injury to defendant in error.

If an appellant can impose upon an appellee the burden of filing briefs merely by sending him a copy of the former's brief, without having complied with the plain terms of said article 2115, then the said article becomes a nullity.

It is evident that defendant in error was not required to waive the provisions of the statute. He could stand on his rights, and, until the appellate court granted the motion of plaintiff in error to file briefs, he was not required to file his briefs in reply thereto. Neither was he required to anticipate that this court would grant plaintiff in error's motion and, until said motion had been granted, it was not incumbent upon him to enter upon the arduous duty of preparing a brief.

The situation of plaintiff in error is unfortunate, but it has been brought about, perhaps, through the reliance of its counsel upon his ability to secure a waiver from defendant in error's counsel. In this he failed. Whose fault it was, if any one's, we do not know, nor are we permitted to consider the affidavits of the opposing counsel, in order to determine the matter.

Motion for rehearing overruled.

CONNER, C. J., dissenting, as before.