TEXAS & P. RY. CO. v. CAVE et al. (No. 8033.) (Court of Civil Appeals of Texas. Ft. Worth. Dec. 12, 1914.) Dissenting opinion. For majority opinion, see 173 S. W. 988.

CONNER, C. J. (dissenting). I feel unwilling to deny any litigant a hearing on the merits of his case on the grounds herein presented. The good faith of counsel claiming the execution of the original agreement to waive the filing of his briefs in the court below is unassailed, and is manifest, I think, from the record. He asserted this claim in letters to counsel now denying the agreement, to which he received no answer, as early as June 1, 1914, and he states that he did not know with certainty until about September 13, 1914, that counsel for defendant in error would refuse to execute another, or substituted, agreement. Afterwards, on October 10th, the counsel for plaintiff in error filed in this court his verified motion to file his briefs, with copies of same accompanying the motion, but which motion we passed, to be considered with the merits of the case. The motion shows, and it is not denied, that as early as about May 12, 1914, a copy of plaintiff in error's brief was mailed to and received by counsel for defendant in error. This brief was deficient in the citation of authorities, and perhaps in other respects, and later, to wit, on October 5, 1914, as shown by the motion, an amended or corrected brief, substantially as now presented to us, was delivered to counsel for the defendant in error. This case was not submitted until the 24th day of October, 1914, and in the motion to dismiss the appeal, filed on the same day, it is not even suggested that counsel for defendant in error have not had ample time to answer the brief presented for filing, or even that they desire to yet do so. Under such circumstances, it seems to me, we should permit the briefs presented to be filed, and determine whether there is any merit in plaintiff in error's appeal. To refuse to do so, I think, is to sacrifice substance for form. Counsel for the respective parties live in counties distant from each other, and the trouble seems to be at worst one of forgetfulness on the part of one or the other of the contending sides, mixed possibly with some negligence on the part of counsel for plaintiff in error in failing to not earlier present his motion to file his briefs. But the ground of the motion to dismiss at best is one of mere form, and, as said in the case of Hunt v. Glasscock, 27 Tex. Civ. App. 322, 65 S. W. 209: "The object of the law was to afford the appellee, or defendant in error, a convenient opportunity and sufficient time to prepare his brief in answer to that of his adversary. We do not think that it was the purpose of the Legislature to authorize a dismissal of the appeal on account of every slight departure from the rule. It was doubtless intended that, in case of a failure to comply with the provisions, the court should give such directions to the case as to secure to the appellee the substantial benefits intended to be secured to him by the act. The Legislature contemplated no greater penalty when there was neither a willful nor grossly negligent infraction of the rule." See, also, S. A. & A. P. Ry. v. Holden, 93 Tex. 211, 54 S. W. 751; I. & G. N. R. Co. v. Walters, 161 S. W. 916.