### DANIEL v. NIXON. (No. 605.)

(Court of Civil Appeals of Texas. Beaumont. Oct. 27, 1920.)

1. **Appeal and error ⚖⇒771 — Controversy over verbal agreement regarding briefs will not be determined.**

An alleged verbal agreement by appellee's attorneys regarding the time for filing of briefs will not be considered when disputed by appellee's attorneys, although undisputed verbal agreement would be recognized.

2. **Appeal and error ⚖⇒771—Illness of attorney not excuse for failure to file brief.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 2115, specifying time for filing briefs, the fact that one of appellant's three attorneys suffered from hay fever is not ground for postponing submission of case where there is no explanation why brief was not prepared prior to attorney's sickness or by one of the other attorneys, and appeal will be dismissed.

Appeal from District Court, Hardin County; J. L. Manry, Judge.

Action between Russ Daniel and J. B. Nixon. From an adverse decision, Daniel appeals. Appeal dismissed.

H. M. Whitaker, of Beaumont, T. E. Welsh, of Kountze, and S. E. Tant, of Dallas, for appellant.

C. W. Howth, of Beaumont, A. M. Hill, of Kountze, and J. A. Pelt, of Sour Lake, for appellee.

HIGHTOWER, C. J. This is an appeal from a judgment of the district court of Hardin county.

The appellee, on October 11, 1920, filed a motion praying this court to dismiss the appeal, in which counsel for the motion state that appellant failed to file a copy of his brief with the clerk of the district court, as required by article 2115, Vernon's Sayles' Civil Statutes, and also because no briefs for appellant had been filed in this court, as required.

The article above mentioned provides:

"Not less than five days before the time of filing of the transcript in the Court of Civil Appeals the appellant or plaintiff in error shall file with the clerk of the district court a copy of his brief, which shall be by the clerk deposited with the papers of the cause, with the date of filing indorsed thereon; and the clerk shall forthwith give notice to the appellee or defendant in error, or his attorney of record, of the filing of such brief, and that in twenty days after such notice the appellee or defendant in error shall file a copy of his brief with the clerk of said court below, and with the clerk of the Court of Civil Appeals four copies."

It is stated by counsel for the motion that the filing of his brief in the district court by appellant was in no manner waived by appellee of his counsel, and further that appellee's counsel will not have time to brief the case for the appellee, on account of other engagements, if a brief should now be filed by appellant in this court.

The transcript and statement of facts in this cause were filed in this court on February 5, 1920, and the cause was set on the docket of this court for submission on the 21st day of this month. No brief had been

filed in this court by appellant at the date of the filing of the motion to dismiss, nor, indeed, has any brief for appellant been filed at any time.

On October 12, 1920, one day after the motion to dismiss was filed, one of the attorneys for appellant filed in this court an answer to the motion to dismiss, in which it is stated that appellant did not file a brief in the lower court for the reason that it had been verbally agreed between said attorney for appellant and Mr. C. W. Howth, as one of the attorneys for appellee that the filing of such brief would be waived; but that it was understood between said attorneys that briefs for appellant should be filed in this court at such time as would permit an opportunity for counsel for appellee to brief their side of the case in answer to appellant's brief.

Attached to the motion to dismiss is a certificate from the district clerk of Hardin county, showing that no brief for appellant has ever been filed in that court.

On October 20, 1920, the counsel for appellant, Messrs. Whitaker, Tant and Welch, filed another answer to the motion to dismiss, in which they state that they, about the 15th of December, 1919, had an oral agreement with Mr. J. A. Felt, one of the attorneys for the appellee, to the effect that no brief for appellant need be filed in the lower court, and that, relying upon such oral agreement with the said Felt, no brief was filed in that court. This answer further states that Mr. Tant, one of the attorneys for appellant, has been suffering, since the 1st day of August of this year, with a severe attack of hay fever, and that, in consequence of such attack, his eyes had been so affected that he was unable to brief the case for appellant. The answer shows no reason why the case was not briefed prior to the time Mr. Tant became ill, nor does it show any reason why, after his illness, an attempt, at least, was not made by one or both of the other attorneys for appellant to brief the case in this court, nor is there any explanation whatever suggested by the answer of the failure to comply with the rules of briefing, other than the stated oral agreement and the illness of Mr. Tant.

[1] The claim on the part of counsel for appellant here, that there was a verbal agreement between them and counsel for appellees waiving the filing of appellant's brief in the lower court, is disputed by counsel for the appellee, and therefore this court will not inquire as to whether there was such verbal agreement. If there was an agreement to waive the filing of briefs, such agreement was required by the rules to be in writing. This court, following the stand taken by several other of the appellate courts in this state, will not institute an inquiry as to whether there was a verbal agreement between counsel for parties here, waiving the rules pertaining to the briefing of causes,

where any such claimed agreement is disputed. We would not hesitate to recognize such a verbal agreement where not disputed. To adopt a practice of determining such a dispute between counsel practicing before this court would be embarrassing, both to the court and counsel themselves. Therefore we decline to entertain the suggestion or contention on the part of counsel for appellant that there was any such verbal agreement or waiver, as claimed. State Fair of Texas v. Cowart, 165 S. W. 1197; Manowitz v. Gaenslen, 142 S. W. 963.

[2] We think that no sufficient excuse for not timely briefing the appellant's case in this court has been shown by his counsel, and that we would not be justified in overruling appellee's motion to dismiss. True, counsel for appellant requests us to postpone submission of the cause to a later date, but to do that would be to deprive the appellee of his right to have the cause submitted in its regular order and as regularly set for submission by this court. We think no sufficient reason has been shown by counsel for appellant to authorize such course on the part of this court.

The motion to dismiss will be granted, and it is so ordered.