### WISEMAN v. MADDOX et al.

(Court of Civil Appeals of Texas. March 22, 1911.)

1. APPEAL AND ERROR (§ 770*)—TIME TO FILE BRIEFS—WAIVER.

Evidence *held* insufficient to show a waiver by appellee of the filing of briefs by appellant.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 770.*]

2. APPEAL AND ERROR (§ 771*) — FILING OF BRIEFS.

That codefendants of appellant made appellees with plaintiff did not join in the motion of plaintiff as appellee to dismiss the appeal for the failure of appellant to file and serve briefs within the time required by law did not inure to the benefit of appellant; the codefendants not having made any agreement in writing with appellant relieving him from his duty.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 771.*]

3. APPEAL AND ERROR (§ 773*)—FAILURE TO FILE AND SERVE BRIEFS—DISMISSAL.

The failure of appellant to file and serve briefs within the time prescribed by Rev. St. 1895, art. 1417, necessitates the dismissal of the appeal, in the absence of a valid excuse for such failure.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3104, 3108–3110; Dec. Dig. § 773.*]

Appeal from District Court, Bexar County; Arthur W. Seeligson, Judge.

Action by C. B. Waters against R. A. Wiseman and others. From the judgment, defendant named appeals, making plaintiff and codefendants appellees. Dismissed.

Cocke & Cocke, for appellant.

FLY, J. In this case a motion has been filed to dismiss the appeal by appellee C. B. Waters, because appellant has failed to file a brief in the trial court five days before the time of filing the transcript of the record in this court, and because appellant has failed to file in this court a brief within the required time, and has not furnished appellees with a copy of the brief in the time required.

We find that the transcript was filed in this court on August 25, 1910, that no brief was filed in the trial court, and that briefs were filed by appellant in this court on March 8, 1911, one week before the case was set down for submission. A copy of the brief was delivered to counsel for appellees on March 10, 1911. These facts are not controverted, and the delay is sought to be accounted for and excused on the ground that appellant's counsel had a conversation on the street with Mr. Carl, of counsel for C. B. Waters, during the summer of 1910, who was plaintiff in the trial court, appellant and the other appellees, Maddox and wife, and Wright and Lamkin being the defendants, and that he told Mr. Carl that appellant could not file a completed brief according to the rules, and that he would file a brief, leaving out authorities, if counsel insisted, and further stated: "While affiant does not remember just what Mr. Carl said, his whole bearing, attitude, and what he did say was in acquiescence in said suggestion as affiant understood it." Counsel for Waters denies emphatically that he has "agreed by implication, inference, or otherwise that he would waive the filing of a brief in this cause, as required by law, nor has he agreed to waive any of the rules governing the preparation and filing of briefs in this court." He also alleges that in the conversation alluded to by counsel for appellant he stated: "I like you all right personally, and would do anything I could to accommodate you individually, but in this case, owing to the peculiar conditions, I am going to be just as mean to you as I can." We must find even from the statement of counsel for appellant that there was no waiver on the part of C. B. Waters or any of the appellees as to the filing of briefs in this or the trial court.

The statute requires that "not less than five days before the time of filing the transcript in the Court of Civil Appeals the appellant or plaintiff in error shall file with the clerk of the district court a copy of his brief, which shall be by the clerk deposited with the papers of the cause, with the date of filing endorsed thereon, and the clerk shall forthwith give notice to the appellee or defendant in error, or his attorney of record, of the filing of such brief, and that in twenty days after such notice the appellee or defendant in error shall file a copy of his brief with the clerk of said court below, and with the clerk of the Court of Civil Appeals four copies." Article 1417, Rev. Stats. It is not pretended that any part of the statute has been complied with, and no valid excuse has been offered for a failure to comply therewith. One of the appellees, the plaintiff in the court below, has asked that the law be enforced, and that this appeal be dismissed, as he has a right to ask. The fact that the codefendants of appellant, who are made appellees herein, have not joined in the motion to dismiss the appeal does not inure to the benefit of appellant. The codefendants have not made any agreement in writing with appellant relieving him from the duty of filing his brief as required by law, and, no excuse having been shown for the failure to obey the statute, the appeal will be dismissed. Werner v. Kasten, 25 S. W. 317; Niday v. Cochran, 48 Tex. Civ. App. 462, 106 S. W. 462; Krisch v. Richter, 125 S. W. 935; Bell v. Railway, decided by this court, not reported. In the last-cited case a writ of error was refused by the Supreme Court on February 15, 1911.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

As said by this court in Krisch v. Richter: "This court has been as indulgent as is possible in matters of this kind to save appellants the benefits of an appeal. And, where an application of the rules has not been demanded, this court has in most instances seen fit to postpone or resubmit a cause to afford appellees what was ample time to prepare and file briefs, although the business of the court was thereby seriously interrupted. But where appellee insists, as he does here, upon an enforcement of the rules, the above course ought not to be taken, when the failure to file briefs of appellant in a reasonable time before the day of submission is not accompanied by some very reasonable excuse." While this court has at times been lax, perhaps, in the enforcement of rules of practice, when reasonable excuses have been offered for a failure to comply with them, preferring to submit to an infraction of a rule of practice rather than deny to parties the right to be heard in this court, there can be no doubt that the ends of justice will be more nearly attained and decisions more expeditiously reached by a strict enforcement of the demands of rules in matters of practice. Litigants have the right to demand at the hands of courts speedy trials and prompt hearings and decisions, and these can only be attained by discipline and the stern enforcement of rules prescribed to expedite business.

The appeal will be dismissed.