GIBBS v. EASTHAM.

(Court of Civil Appeals of Texas. Amarillo. Oct. 7, 1911.)

APPEAL AND ERROR (§ 773*) — DISMISSAL — FAILURE TO FILE BRIEFS.

An appeal will not be dismissed for appellant's failure to file briefs in time, when such failure is reasonably excused, and appellee will have more than 30 days after notice of filing in which to prepare and file his brief before the case can be submitted.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3104–3110; Dec. Dig. § 773.*]

Appeal from District Court, Haskell County; Cullen C. Higgins, Judge.

Action between J. D. Gibbs and L. C. Eastham. From the judgment, Gibbs appeals. Eastham moves to dismiss the appeal, and Gibbs moves to require the clerk to file briefs. First motion overruled; second, sustained.

Kirby & Davidson and Helton & Merchison, for appellant. Dean, Humphrey & Powell and H. G. McConnell, for appellee.

GRAHAM, C. J. Final judgment was rendered in this cause in the district court of Haskell county on November 30, 1910. The trial court adjourned for the term on December 23, 1910. Appeal bond was approved and filed below on January 6, 1911. The clerk of the trial court was applied to for a transcript in the cause January 6, 1911, and, having completed same, delivered it to appellant's counsel on February 24, 1911. The transcript, together with the statement of facts, was filed in the Court of Civil Appeals for the Second Supreme Judicial District on February 25, 1911, and by order of the Supreme Court of Texas was transferred from the Court of Civil Appeals for the Second Supreme Judicial District to this court, where the cause was filed and docketed on July 31, 1911. On September 25, 1911, appellant not having filed briefs in either the trial court, the Court of Civil Appeals for the Second Supreme Judicial District, or this court, appellee filed in this court on that day his motion to dismiss the appeal in this cause: First, because appellant had failed to file briefs in the trial court five days before filing the transcript in the appellate court; second, because at the time of filing the motion appellant had not filed brief in the trial court; third, because at the time of filing the motion appellant had not filed briefs in this court or in the Court of Civil Appeals for the Second Supreme Judicial District; and, fourth, because at the time of filing the motion appellant had not furnished counsel for appellee a copy of brief for appellant in this cause. Appellee's motion to dismiss was submitted in this court on October 2, 1911, and on October 5, 1911, appellant tendered to this court four copies of his brief, one copy of which bears the certificate of the clerk of the trial court, showing that a copy of appellant's brief was filed in that court on October 3, 1911, and notice of said filing, as required by law, given appellee's counsel, and on October 5, 1911, appellant also filed in this court his reply to appellee's said motion to dismiss, which reply, after giving a reasonable excuse for not having earlier filed his briefs, prays that the clerk of this court be now ordered to file said briefs in this court.

We have inspected our docket and find that his case cannot be submitted in this court earlier than about November 18, 1911, and it thus is made to appear that appellee will have more than 30 days after receiving notice of the filing of appellant's brief in the trial court and in this court within which to prepare and file his brief in this court before the case can be submitted in this court, which, in the absence of a showing by appellee to the contrary, under the law announced in the case of San Antonio & A. P. Ry. Co. v. Holden, 93 Tex. 211, 54 S. W. 751, and in the case of Texas & Pacific Railway Company v. Martin, 132 S. W. 834, we hold to be a reasonable time.

Appellee's motion to dismiss this appeal in this cause will therefore be overruled, and appellant's motion to require the clerk of this court to file his briefs in this cause in this court will be granted, and it is so ordered.