CITY OF CAMERON v. MOORE.

(Court of Civil Appeals of Texas. Austin. Jan. 3, 1912.)

1. MUNICIPAL CORPORATIONS (§ 165*)—OFFICERS—SALARIES—ACTIONS—PARTIES.

A city adopting an ordinance which fixed the salary of the assessor and collector of taxes at a specified commission is liable only to one commission for a year; and, where one sues to recover the entire commission while a third person is claiming a part, the third person must at the request of the city be made a party.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 373, 374; Dec. Dig. § 165.*]

2. MUNICIPAL CORPORATIONS (§ 165*)—OFFICERS—SALARIES—ACTIONS—PARTIES.

Where the person holding the office of tax assessor and collector of a city went out of office before completing all the work and his successor completed the work, the commission prescribed as compensation must be prorated between them in proportion to the amount of service rendered by each.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 373, 374; Dec. Dig. § 165.*]

Appeal from Milam County Court; John Watson, Judge.

Action by H. Y. Moore against the City of Cameron. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Roy Baskin and J. M. Ralston, for appellant. G. T. Moore and Monta J. Moore, for appellee.

KEY, C. J. Appellee brought this suit and recovered judgment against the city of Cameron, a municipal corporation, for 2½ per cent. commissions allowed by an ordinance of that city as compensation to the assessor and collector for the assessment of ad valorem taxes. The assessment referred to was for the year 1910, and the defendant in its answer admitted that the plaintiff was its tax assessor and collector, as alleged by him, for the first portion of that year, and up to the 4th day of May, 1910, when his successor in office, O. D. Adams, qualified as such assessor and collector. It was also alleged in the answer that at the time the plaintiff went out of office and was succeeded by O. D. Adams he had not completed the assessments and the tax roll for the year 1910, and that his successor, O. D. Adams, performed the work and service that was necessary to com-

plete the same, and that Adams was claiming from and demanding of the defendant a part of the commissions claimed and sued for by the plaintiff. The defendant admitted that it was liable for the sum of $473.59 for services rendered in the assessment of the taxes, and making the rolls for the year 1910, but it did not know to whom to pay it, as the plaintiff claimed the whole, and O. D. Adams claimed a large portion thereof, and the defendant deposited the amount referred to in the registry of the court, and requested the court to grant an order making O. D. Adams a party to the suit. The plaintiff filed a supplemental petition, in which he excepted to all of the defendant's answer which sought to have O. D. Adams made a party to the suit, and the court sustained that exception. The case was tried without a jury, and the court rendered judgment for the plaintiff for the sum of $487.70, and the defendant prosecutes an appeal.

Without discussing in detail the several assignments presented in appellant's brief, we announce our conclusion upon the appeal as follows:

[1] 1. We hold that the trial court committed error in striking out and not granting appellant's request to have O. D. Adams made a party to the suit. Under the law appellant was not liable for but one commission of 2½ per cent. for the assessment of taxes for the year in question, and the answer shows that O. D. Adams was claiming a portion of that commission, while the plaintiff was suing to recover all of it. Williams v. Wright, 20 Tex. 500.

[2] 2. While the proof shows that before the plaintiff went out of office he did part of the work necessary to constitute the assessment of taxes for 1910, it also shows that he did not do all that the law required to be done by the assessor to accomplish that purpose; and therefore we hold that he was not entitled to recover the entire commission, and, when his successor shall have been made a party to the suit, it will be the duty of the court, after hearing all the testimony submitted upon the question, to prorate the commission between the plaintiff and Adams in proportion to the amount of service rendered by each in making the assessment, including tax rolls, for the year 1910.

For the error pointed out, the judgment is reversed, and the cause remanded.