SPEER v. RUSHING et al.　　(No. 5573.)

(Court of Civil Appeals of Texas.　Austin.
June 23, 1915.)

1. APPEAL AND ERROR ⬤⟾759—ASSIGNMENTS
OF ERROR IN MOTION FOR NEW TRIAL—RE-
PEATING ASSIGNMENTS IN BRIEF.

Under Vernon's Sayles' Ann. Civ. St. 1914,
art. 1612, providing that assignments of error
in the motion for new trial, constitute the as-
signments of error, and need not be repeated by
the filing of assignments of error, the grounds
of the motion for a new trial may be copied in-
to the brief.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. § 3094; Dec. Dig. ⬤⟾759.]

2. APPEAL AND ERROR ⬤⟾773—FAILURE TO
FILE AND SERVE BRIEFS—DISMISSAL.

On appellant's failure to comply with Rev.
C. St. 1911, art. 2115, requiring him to file a
copy of his brief 5 days before the time of filing
the transcript in the Court of Civil Appeals,
and allowing the appellee 20 days after notice
of filing within which to file his own brief, the
appeal may be dismissed; but where the record
in the case was delivered to appellant's attor-
ney May 11th and filed May 20th, and copy of
his brief was filed June 2d and a copy delivered
to appellee on the same day, and the case could
not be reached before the October term, his
failure to file a copy of his brief before taking
out the transcript was not prejudicial to ap-
pellee, and the appeal would not be dismissed.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 3104, 3108–3110; Dec.
Dig. ⬤⟾773.]

Appeal from District Court, Robertson
County; J. C. Scott, Judge.

Action between A. J. Speer and Will Rush-
ing and others.　From the judgment Speer
appeals.　On motion to dismiss appeal.　Mo-
tion overruled.

H. S. Morehead and K. W. Gilmore, both
of Franklin, for the motion.　W. W. Wilson,
of Calvert, and Hudson & Hudson, of Bryan,
opposed.

JENKINS, J.　Appellee has filed a motion
to dismiss the appeal in this case upon the
grounds: (1) That there is no assignment of
error in the record; and (2) that appellant
did not file his brief in the trial court 5 days
before taking out the record, as provided in
article 2115, R. S.

[1] Appellant filed a motion for a new trial,
and has copied the several grounds thereof
in his brief.　This is in compliance with ar-
ticle 1612, Vernon's Sayles' Ann. Civ. St.
1914, which provides that:

"Where a motion for a new trial has been
filed the assignments therein shall constitute the
assignments of error and need not be repeated
by the filing of the assignments of error."

[2] An appeal will be dismissed in a proper
case where there has been a failure to com-
ply with article 2115; that is to say, where
the failure to comply with said article has
resulted in depriving appellee of reasonable
time and opportunity to reply to appellant's
brief, and no sufficient excuse for same is
shown.　Bowden v. Patterson, 108 S. W. 177;
Railway Co. v. Martin, 132 S. W. 834; Wise-

man v. Maddox, 135 S. W. 756; Hernandez
v. Pastran, 140 S. W. 508.

But, while the statute makes failure to
comply therewith a ground for dismissing
an appeal, it does not require a dismissal in
such case, and an appeal will not be dismiss-
ed for such cause where the appellee has
been afforded ample time and opportunity to
file his brief before the cause is submitted.
Railway Co. v. Holden, 93 Tex. 211, 54 S. W.
751; Railway Co. v. Wood (Civ. App.) 147 S.
W. 283; Gibbs v. Eastham (Civ. App.) 139
S. W. 1166; Morrison v. Harrell (Civ. App.)
139 S. W. 1166; Danner v. Walker-Smith Co.
(Civ. App.) 154 S. W. 295; Crenshaw v. Hem-
pel (Civ. App.) 130 S. W. 731; Bull v. Rail-
way Co., 33 Tex. Civ. App. 547, 78 S. W.
525; Deaton v. Feazle (Civ. App.) 85 S. W.
1167.

The record in this case was delivered to
appellant's attorney May 11, 1915, and was
filed in this court May 20, 1915.　On June 2,
1915, appellant filed a copy of his brief with
the district clerk, and his counsel state, in
answer to appellee's motion to dismiss, that
they delivered a copy of same to appellee's
attorneys on June 2, 1915.　Appellant filed
four copies of his brief with the clerk of
this court on June 4, 1915.　Owing to the
crowded condition of our docket this case
cannot be reached for submission before our
October term.　It thus appears that appellee
has suffered no injury by appellant's failure
to file a copy of his brief with the district
clerk before taking out the transcript.

For the reasons stated, the motion to dis-
miss this appeal is overruled.

Overruled.