MISSOURI, K. & T. RY. CO. OF TEXAS v. JEFFERSON. (No. 5876.)

(Court of Civil Appeals of Texas. Austin. Jan. 4, 1918. Rehearing Denied Feb. 27, 1918.)

1. APPEAL AND ERROR ⬤⇒771—BRIEFS—LATE FILING—EXCUSE.

Appellant's failure to file brief in time prescribed by Rev. St. 1911, art. 2115, is not excused by custom among the attorneys of the place to waive the requirements of the statute and the effect under Rule 39 (142 S. W. xiii) of noncompliance therewith.

2. APPEAL AND ERROR ⬤⇒773(2) — BRIEFS — LATE FILING—DISMISSAL.

Where filing of appellant's brief, instead of being in the time prescribed by Rev. St. 1911, art. 2115, was so late as to leave for reply only 4 days, instead of the 20, contemplated by the statute, before time case was set for submission, and it cannot be said that this was enough, and there was no sufficient excuse for the delay, appeal will be dismissed under Rule 39 (142 S. W. xiii).

3. APPEAL AND ERROR ⬤⇒797(2)—DISMISSAL — LATE FILING OF BRIEF — TIME OF MOTION—COURT RULE.

Motion, under Rule 39 (142 S. W. xiii), to dismiss appeal for noncompliance with Rev. St. art. 2115, requiring appellant's brief to be filed 5 days before transcript is filed in appellate court, is not governed by Rule 8 (142 S. W. xi), requiring motions affecting formalities attending the filing of transcripts to be filed within 30 days after the transcript is filed; as the briefs might still be filed after expiration of such 30 days in time to allow appellee 20 days for reply and excuse the delay.

Appeal from District Court, McLennan County; E. J. Clark, Judge.

Action between Martin Jefferson and the Missouri, Kansas & Texas Railway Company of Texas. From an adverse judgment, the company appeals, and appellee files motion to dismiss. Appeal dismissed.

Cross & Rogers and Edgar & Chas. Witt, all of Waco, for the motion. Nat Harris and W. E. Spell, both of Waco, opposed.

KEY, C. J. In this case the appeal was perfected on the 20th day of December, 1916, and the transcript was filed in this court on the 20th day of March, 1917. On December 5, 1917, the case was set for submission December 19, 1917. On December 18, 1917, appellee filed a motion in this court to dismiss the appeal, because appellant had not complied with article 2115 of the Revised Statutes and Rule 39 of the Courts of Civil Appeals (142 S. W. xiii) relating to the time of filing briefs.

The statute referred to requires an appellant to file a copy of his brief in the trial court five days before the transcript is filed in the appellate court, and to cause notice

thereof to be served upon appellee or his attorney; and Rule 39 makes a failure to comply with that statute ground for dismissing the appeal. However, the statute and rule have been construed by our Supreme Court as being directory, and not justifying the harsh remedy of dismissal when a reasonable excuse for noncompliance is made to appear, and when no injury will result to the appellee. Railway v. Holden, 93 Tex. 212, 54 S. W. 751.

In the instant case appellant did not file its brief in the court below until the 18th day of December, 1917, but shows that three copies thereof were delivered to one of appellee's attorneys on the 15th day of December, 1917. Copies of that brief were filed in this court on the 19th day of December, 1917, before the case was called for submission. The purpose of the statute requiring an appellant's brief to be filed 5 days before the transcript is filed in the appellate court, and notice thereof to be given to appellee, is to enable appellee's attorney to reply thereto within 20 days, the time allowed by the statute for appellee's brief to be filed. In the case at bar, appellant not only failed to file its brief within the time prescribed by the statute, but failed to do so before the case was set down for submission in this court, and filed it in the court below only one day before the time fixed for such submission, and copy thereof was not furnished to appellee's counsel until 4 days before the latter time. Appellee's attorney, who signed and verified the motion to dismiss, states that the time referred to was not sufficient to enable appellee to properly reply to appellant's brief, and we concur in that statement. But counsel for appellant, in their reply to the motion, claim that no harm would result to appellee by postponement of the submission, and ask that it be postponed for such time as the court may think reasonable to enable appellee to prepare and file his brief. They also set up the following excuse for appellant's failure to file its brief in the time prescribed by the statute and rules:

"And for further answer to said motion, if so required, appellant would allege and show to the court that it is the universal custom and practice among the lawyers of the bar at Waco to dispense with and waive the requirements of the statutes and the rules of this court with reference to the time and manner of filing briefs in this court; that attorneys for appellee were familiar with this custom and practice, and that in pursuance of said custom and practice appellant did, on the 15th day of December, 1917, deliver to Mr. Edgar E. Witt, counsel for appellee, copy of its brief, together with the record in this case, and at said time requested the said attorney for appellee to sign the usual and customary waiver in all such cases, and also to sign request for the postponement of the submission of this cause so as to enable appellee to answer the brief of appellant, but that the said attorney for appellee took the brief and record and stated that he would advise the attorney for appellant, W. E. Spell, of his decision on the afternoon of the 15th. On the afternoon of the 15th of December appellant's attorney called the said Edgar E. Witt over the phone, and he, the said Witt, then stated that he had not had time to confer with his associate counsel, O. H. Cross, of the firm of Cross & Rogers, and that he would give his answer to appellant on Monday morning as to whether or not he would agree to waive the requirements as to the filing of the brief and agree to a postponement of the submission of this cause; that said Edgar E. Witt did not advise appellant's attorney of his decision not to sign the waiver and not to agree to the postponement until about 2 o'clock on Monday, December 17, 1917, at which time the said Edgar E. Witt, attorney for appellee, stated that he would not sign the waiver with reference to filing of the briefs and would not agree to a postponement of the submission of this cause so as to enable him to file an answer."

[1] The facts stated do not excuse appellant for its failure to comply with the statute and rules.

[2] This case is quite similar to House v. Levy & Rosen, decided by this court last term, in which there was no written opinion, and in which a motion to dismiss the appeal upon similar grounds was sustained. In that case the appellees would have had ten days after the brief was filed in which to reply to appellant's brief by the time the case was set for submission, while in this case only four days were left for that purpose. Hence we feel compelled to hold that the motion is well taken, and appellee is entitled to have the appeal dismissed. Railway v. Holden, 93 Tex. 212, 54 S. W. 751; Railway v. Martin, 62 Tex. Civ. App. 496, 132 S. W. 834; Krisch v. Richter, 125 S. W. 935; Gordon v. State, 151 S. W. 867; Manowitz v. Gaenslen, 142 S. W. 964; Gibbs v. Eastham, 139 S. W. 1166; Dodd v. Presley, 81 S. W. 811; Wiseman v. Maddox, 135 S. W. 756; Hamilton v. McLane, 147 S. W. 284; Speer v. Rushing, 178 S. W. 1012.

In Railway v. Martin, supra, the Supreme Court approved the decision by denying a writ of error, and we copy with approval from Chief Justice Connor's opinion in that case as follows:

"It seems evident that we cannot say as a matter of law that the time afforded is sufficient. The transcript was filed in this court January 13, 1910, and the statute (Rev. St. art. 1417) specifically requires an appellant or plaintiff in error to file with the clerk of the trial court a copy of his brief not less than 5 days before the time of filing of the transcript in the Court of Civil Appeals. After such filing and notice thereof by the clerk, the appellee is then given 20 days within which to prepare and file copy of his brief in the court below. It thus appears that the law contemplates that an appellee shall be given ample time, presumably in no event less than 20 days, within which to answer the brief of appellant."

In Dodd v. Presley, supra, this court, speaking through Chief Justice Fisher, said:

"This is a motion to dismiss the appeal because the appellant did not comply with the statute in filing his brief in the court below within the time required by law. The record in this case was delivered to the attorneys for the appellant, on April 13, 1904, and they filed their briefs in the trial court on the 13th day of May, 1904. The case thereafter was set down

for submission, and was submitted, on the 1st day of June, 1904. Notice of the filing of the briefs was issued and served on appellee on the 13th of May, 1904. From the latter date appellee was entitled to 20 days' time in which to file his brief in the Court of Civil Appeals. The 20 days had not expired when the case was submitted in this court, and there are no briefs on file for the appellee. Therefore we reach the conclusion that the failure of the appellant to comply with the statute deprived the appellee of a substantial right, and the motion to dismiss is sustained."

[3] We overrule appellant's contention that this proceeding is governed by Rule 8 (142 S. W. xi), which requires motions affecting the formalities attending the filing of transcripts to be filed within 30 days after the transcript is filed. The case was not set down for submission in this court until about nine months after the transcript was filed; and therefore, if appellee had filed a motion to dismiss the appeal within 30 days after the transcript was filed, appellant, in reply to the motion, could have shown that it would soon file its brief in ample time for appellee to reply thereto before the case would be reached in this court, and upon such showing the appeal would not have been dismissed. Appellant's failure to file its brief did not constitute sufficient ground for dismissing the appeal until the time arrived when it was too late for appellee to reply thereto, and for that reason we hold that Rule 8 does not apply. In other words, it is appellant's continued failure to comply with the statute for about nine months after the transcript was filed that forms the basis of appellee's motion, and the greater portion of that failure occurred more than 30 days after the transcript was filed, and therefore Rule 8 does not apply.

It may be that our decision upon this point is in conflict with the decision of the Beaumont Court of Civil Appeals, in Hamlet v. Leicht, 187 S. W. 1004; but, if such be the case, we respectfully announce that we decline to follow that decision.

Brown v. Orange, 48 Tex. Civ. App. 470, 107 S. W. 607, the other case cited by appellant, is not regarded by this court as analogous.

For the reasons stated, the motion to dismiss has been sustained.

Motion sustained.