## ST. LOUIS, B. & M. RY. CO. et al. v. FREASIER et al. (No. 6687.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 25, 1922.)

**1. Appeal and error 773(3)—No dismissal for failure to file brief where appellee not injured.**

An appeal will not be dismissed for delay in filing briefs where appellees had nine days before submission in which to prepare their briefs, and they could have easily answered appellants' brief in four or five days.

**2. Appeal and error 655(3)—Statement of facts will not be stricken where matter in dispute embodied in bill of exceptions.**

A statement of facts will not be stricken on appeal because of erasures and interlineations claimed to have been made before approval by the trial court where the matter erased was embodied in a bill of exceptions signed

---

by the trial judge on the same date the statement of facts was filed.

**3. Evidence ⬥113(22)—Price paid for cattle at point of shipment immaterial as to market value at destination.**

In a shipper's action for damages to live stock because of delay, evidence as to what plaintiffs paid for the cattle at the point of shipment was inadmissible as having no bearing on the market value at destination.

**4. Appeal and error ⬥931(6)—If size of verdict indicates that trial judge considered improper testimony, usual presumption does not prevail.**

While it will usually be presumed in a trial before a judge that he eliminated improper evidence and decided the cause on the legal evidence, if it is clear from the size of the judgment and the scarcity of evidence outside of the improper evidence that the improper evidence found a lodgment in the mind of the judge, and influenced his action, the cause will be reversed.

**5. Evidence ⬥501(10) — Witnesses should give grounds for estimate as to loss of weight of cattle shipped.**

In actions for damages to shipments of cattle, witnesses should not be permitted to make wild guesses as to loss of weight, but should be required to give the grounds on which they base their estimate.

**6. Carriers ⬥228(3)—Evidence as to the time required to ship cattle over other lines inadmissible in action for delay.**

In a shipper's action for damages to a shipment of cattle through delay, evidence as to the time it would have taken to ship the cattle by another route over other lines than those of defendant was inadmissible.

Appeal from Live Oak County Court; T. H. Miller, Judge.

Action by G. T. Freasier and another against the St. Louis, Brownsville & Mexico Railway Company and A. R. Ponder, receiver. Judgment for plaintiffs against defendant Railroad Company, with no recovery as against the receiver, and defendants appeal. Affirmed as to defendant receiver, and in other respects reversed and remanded.

Mason Williams, of San Antonio, for appellants.

Chambliss & Baker, of Beeville, for appellees.

FLY, C. J. This is a suit against the St. Louis, Brownsville & Mexico Railway Company and A. R. Ponder, receiver of the San Antonio, Uvalde & Gulf Railway Company, by G. T. Freasier and I. J. Goynes, to recover damages to a shipment of two carloads of cattle from Mikeski, Live Oak county, Tex., to New Orleans, La. It was alleged that the cattle were fat, and were shipped to be sold on the market in New Orleans, and that it was requested by appellees that the cattle be routed over the two defendant lines to Houston, and from there on Southern Pacific lines to New Orleans, but were told that, if appellees would permit them to go over the Gulf Coast lines by way of De Quincey and Baton Rouge, La., they would arrive from 6 to 12 hours quicker in New Orleans than over the route desired by appellees; that the cattle were shipped as desired by appellants, and were roughly handled and negligently delayed all along the line from Houston to Baton Rouge, and at the last-named place were unreasonably delayed, and on the way from that place to New Orleans. Appellees claimed $997.62 as damages, and on a trial without a jury recovered nothing as against the receiver, and $700 as against the St. Louis, Brownsville & Mexico Railway Company.

[1] Two motions have been filed by appellees; one to dismiss the appeal for the reason that the brief was not filed in the lower court, and was not filed in this court until January 5, 1922, of which appellees received a copy on January 9, and a motion to strike out the statement of facts because of certain erasures and interlineations alleged to have been made after the same had been prepared, and approved by the county judge. This is a case involving very few and very simple points, the brief of appellants being only seven pages of typewritten matter, and appellees could have easily answered the brief in four or five days. They had nine days before submission in which to prepare their briefs, but failed to prepare and file them. They have not been injured by the failure to file a brief in the lower court or to file a brief in this court earlier than was done. This is a very different case from that of Railway v. Jefferson, 201 S. W. 211, where the case had been on the docket of the appellate court for over eight months, and the brief was not filed until the day it was submitted, and yet in that case it was held, following the Supreme Court in Railway v. Holden, 93 Tex. 212, 54 S. W. 751, that the statute and rule as to filing briefs are merely directory, and a case should not be dismissed for noncompliance with them where a reasonable excuse for noncompliance appears, and no injury will result to the appellee. A reasonable excuse has been given, and no injury resulted to appellee.

[2] In regard to the statement of facts, the county judge swears that, since he ordered the same filed, matter has been erased on the bottom of page 6 and top of page 7. The matter alleged to have been erased were the reasons given by counsel for appellants for objecting to certain statements made by a commission man to one of the appellees. Counsel for appellants swears positively and unequivocally that the erasures were made before the statement of facts were filed by the judge. The matter erased is utterly immaterial in view of the fact that it is embodied in a bill of exceptions

signed by the county judge on the same date the statement of facts was filed. Both motions are overruled.

[3] The first assignment of error is overruled. What appellees paid for the cattle in Live Oak county, Tex., could have no bearing upon the market value in New Orleans, and what might have been the damages incurred by appellees on account of the delay in shipment of the cattle. What objections were urged to the testimony is not disclosed by the bill of exceptions.

[4] What the commission man in New Orleans told one of the appellees was very material, and was clearly hearsay. It will usually be presumed in a trial before a judge that he eliminated the improper evidence, and decided the cause upon the legal evidence, but it is clear, from the size of the judgment, and the scarcity of the evidence outside of the improper testimony to sustain the judgment, that the hearsay evidence found a lodgment in the mind of the judge and influenced his action. The evidence probably influenced the judgment of the county judge. In signing the bill of exceptions the court did not intimate that the illegal evidence was not considered by him, nor does he state in the matter erased from the statement of facts that he did not consider the testimony, but merely that "he would not consider anything that he had brought out that was not legitimate testimony." He evidently thought the objectionable evidence was "legal testimony," or he would not have admitted it.

[5] The estimate made by Goynes as to the loss in weight of the cattle was evidently a wild guess, with no material basis, and should not have been allowed without the witness being required to give the grounds upon which he based his estimate. He was contradicted by Lacroix, an expert, who testified as to loss of weight. He was a witness for appellees.

[6] Appellee Goynes should not have been permitted to testify as to how long it would have taken for the Southern Pacific Railway to carry the cattle from Houston to New Orleans, and such testimony was clearly inadmissible.

There is no complaint about the judgment in favor of A. R. Ponder, receiver.

The judgment is affirmed as to the receiver; in other respects reversed, and the cause remanded.