**WOOD et ux. v. CAMPBELL LUMBER CO. (No. 7383.)**

(Court of Civil Appeals of Texas. San Antonio. June 3, 1925. Rehearing Denied June 17, 1925.)

Appeal and error ⊜⇒773(2)—Appeal dismissed for failure to comply with statute as to filing of briefs.

Where appellants' briefs were not filed with clerk of district court five days before filing of transcript in Court of Civil Appeals, as required by article 2115, Vernon's Sayles' Ann. Civ. St. 1914, and no effort made to comply therewith, the appeal will be dismissed.

Appeal from District Court, Bexar County; S. G. Tayloe, Judge.

Action between O. R. Wood and wife and the Campbell Lumber Company. From a judgment for the latter, the former appeals. Appeal dismissed.

Conger & Conger, of San Antonio, for appellants.

Terrell, Davis, Huff & McWillan, of San Antonio, for appellee.

FLY, C. J. Appellee moves to dismiss this appeal on the ground that no briefs had been filed in this cause up to the day the motion was filed, that is May 20, 1925. Since the motion was filed, on May 23, 1925, appellants filed briefs herein. The cause was set down for submission on May 27, 1925, and was on that date submitted. The judgment, from which the appeal was taken, was rendered on November 7, 1924, and the transcript of the record was filed in this court on February 21, 1925, more than three months before the cause was set down for submission.

The law, as to the filing of briefs, has been so often disregarded that attorneys in many instances seem to have forgotten that the statute exists. Article 2115, Vernon's Sayles' Civ. Stats. 1914, provides:

---

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"Not less than five days before the time of filing of the transcript in the Court of Civil Appeals the appellant or plaintiff in error shall file with the clerk of the district court a copy of his brief, which shall be by the clerk deposited with the papers of the cause, with the date of filing indorsed thereon; and the clerk shall forthwith give notice to the appellee or defendant in error, or his attorney of record, of the filing of such brief, and that in twenty days after such notice the appellee or defendant in error shall file a copy of his brief with the clerk of said court below, and with the clerk of the Court of Civil Appeals four copies."

This statute is plain and unequivocal and of equal dignity with any other statute, and yet it is systematically and continually violated and disregarded by attorneys. It has been held to be merely directory, although on what ground is not apparent; but in the case of Railway v. Holden, 93 Tex. 211, 54 S. W. 751, the Supreme Court holds that in case of a failure of the appellant to file a brief in the lower court five days before the transcript is filed in the Court of Appeals, that the Legislature does not authorize "a dismissal of the appeal on account of every slight departure from the rule." There has been in this case no effort to comply with the statute.

No valid excuse has been offered for a failure to comply with the statute. The plea of sickness does not cover the three months since the record was filed, and the excuse that the clerk of this court may have stated that the case would not probably be submitted at this term of the court offers no reason for withholding the brief until three or four days before the day of submission. More than a month before the day of submission, appellants were notified that the cause would be submitted on May 27, and yet no brief was filed until May 23, and then only after the motion to dismiss had been filed.

The brief contains 122 pages of printed matter and could not possibly have been briefed by appellee in the two working days given him. There is no excuse in the plea that the submission of the cause could not injure appellee as appellants are willing to postpone submission. This court has never been willing to concede the right to litigants to postpone its cases and disarrange its docket, in order that they may escape the effect of their failure or refusal to comply with the law and the rules of the court. The control of the submission of cases must and will be retained by this court. Appellee is strictly within its rights when it asks this court to dismiss this appeal.

The dismissal of this cause is supported by numerous decisions. In Hamilton v. McLane (Tex. Civ. App.) 147 S. W. 284, the briefs were filed 11 days before submission, and on a motion to dismiss this court held:

"While appellate courts have been very indulgent in matters of this kind to save appellants the benefit of an appeal, we feel that appellees are entitled to have the case passed upon in its regular order, and are also entitled to ample time in which to answer the brief of appellants. Where an appellee insists upon the enforcement of the rules, and the court cannot say that it is evident ample time remains to appellee in which to answer, there is no alternative except to dismiss the appeal. On account of the many assignments of error and the nature of the questions arising, we cannot say as a matter of law that 11 days is sufficient time for appellee to brief the case. To hold such time sufficient in a case like this would, in our judgment, be setting a precedent which would entitle litigants to consider 11 days the least time to be given the appellee to brief his case, instead of 20 days, as is contemplated by law."

That language was used in a case where there were 14 assignments of error, and 77 pages of statement of facts, while in the present case there are 18 assignments of error and 98 pages of statement of facts; and as the briefs of appellants were filed on the afternoon of May 23, which was Saturday, excluding Sunday, appellee had only Monday and Tuesday in which to prepare its brief in a case set down for submission on Wednesday, May 27. The case involves homestead and other important rights, and appellants' brief of 122 pages could not have been answered in the limited time given. Appellants admit that they had 30 days' notice of the date of submission, and yet no briefs were filed until a motion to dismiss had been filed. The excuses made for delay are not satisfactory to this court.

The appeal will be dismissed.