## MILLER v. BANKS.    (No. 6922.)

(Court of Civil Appeals of Texas. Austin.
Oct. 14, 1925. Rehearing Denied
Nov. 4, 1925.)

Appeal and error ⚖=773(2), 792 — Duty of Court of Civil Appeals to dismiss appeal on failure of appellant to file briefs.

Where, after submission of cause in Court of Civil Appeals, appellant had failed to file briefs, as required by Rev. St. 1925, art. 2283, it was duty of Court of Civil Appeals to dismiss appeal on motion of appellee, also on its own motion for want of prosecution, in view of Court of Civil Appeals rule 39.

Appeal from District Court, Navarro County; Hawkins Scarborough, Judge.

Action between R. L. Miller and Minnie J. Banks. From a judgment for the latter, the former appeals. On motion to dismiss appeal. Appeal dismissed.

H. B. Daviss and Callicutt & Upchurch, all of Corsicana, for appellant.

J. S. Simkins and Richard Mays, both of Corsicana, for appellee.

BLAIR, J. In July, 1925, this cause was set for submission October 7, 1925, of which appellant had notice. Up to this time he has filed no briefs, and, so far as the record discloses, never filed a copy of his brief in the trial court, as required by the statutes relating to this subject.

Along with the submission of the cause on October 7, 1925, we took under submission appellee's motion, filed October 5, 1925, to

dismiss the appeal for want of prosecution on the part of appellant.

Under such state of the record it becomes our duty to sustain the motion to dismiss the appeal, and it is also our duty to dismiss the appeal of our own motion. Rule 39; article 2115, R. S. 1911 (article 2283, R. S. 1925); Ry. Co. v. Jefferson (Tex. Civ. App.) 201 S. W. 211; Forbes v. Cannon (Tex. Civ. App.) 224 S. W. 944.

The motion to dismiss will be granted. The cause will also be dismissed upon our own motion for want of prosecution.

Motion granted; appeal dismissed.