## McGHEE v. SOUTHWEST INDUSTRIES CO.
### (No. 2056.)

Court of Civil Appeals of Texas. El Paso.
Oct. 3, 1927.

1. Appeal and error ⬠⟹773(2)—Court of Civil Appeals held bound to grant motion to dismiss appeal where no briefs were filed by appellant (Rev. St. 1925, art. 2283; Rev. Briefing Rules, No. 38, June 22, 1921).

It was duty of Court of Civil Appeals to grant appellee's motion to dismiss appeal where no briefs had been filed by appellant, since briefs are required under Rev. Stat. 1925, art. 2283, and Rev. Briefing Rules, No. 38, June 22, 1921.

2. Appeal and error ⬠⟹792—Court of Civil Appeals held bound to dismiss appeal of own motion where no briefs were filed by appellant (Rev. St. 1925, art. 2283; Rev. Briefing Rules, No. 38, June 22, 1921).

It was duty of Court of Civil Appeals to dismiss appeal of its own motion where no briefs had been filed by appellant, since briefs are required, under Rev. St. 1925, art. 2283, and Rev. Briefing Rules, No. 38, June 22, 1921.

Appeal from District Court, Dallas County; Claude M. McCallum, Judge.

Suit by George S. McGhee against the Southwest Industries Company. From a

judgment of dismissal, plaintiff appeals. Appeal dismissed.

Eugene De Bogory, of Dallas, for appellant.

W. B. Hamilton, of Dallas, and Phillips, Trammell & Chizum, of Fort Worth, for appellee.

PELPHREY, C. J. [1, 2] This appeal is from a judgment of the district court of Dallas county, Tex., dismissing the suit of appellant. A general demurrer and several special exceptions to appellant's petition were sustained by the court and upon his refusal to amend a judgment of dismissal was entered. This judgment was rendered on the 26th day of December, 1926, and an appeal was filed in the court of Civil Appeals for the Fifth Supreme judicial district at Dallas, on January 5, 1927, and the cause was transferred to this court by the Supreme Court on June 25, 1927. This cause was set for submission by this court on the 13th day of September, 1927. No briefs having been filed by appellant, appellee has filed a motion to have the case dismissed for want of prosecution.

Under such state of the record it becomes our duty to sustain the motion to dismiss the appeal, and it is also our duty to dismiss the appeal of our own motion. Rule 38, Revised Briefing Rules, June 22, 1921; article 2283, Revised Statutes 1925; Miller v. Banks (Tex. Civ. App.) 276 S. W. 768; Woodrum v. Pierce (Tex. Civ. App.) 288 S. W. 541; Duncan et al. v. Dunlap (Tex. Civ. App.) 273 S. W. 647; Wood et ux. v. Campbell Lumber Co. (Tex. Civ. App.) 273 S. W. 893; Wall v. Solomon (Tex. Civ. App.) 259 S. W. 683.

The motion to dismiss will be granted. The cause will also be dismissed upon our own motion for want of prosecution.